IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

JAMES R. BAILES,

        Plaintiff,

v.                                     CIVIL ACTION NO. 3:09-0146

ERIE INSURANCE PROPERTY AND
CASUALTY COMPANY,

        Defendant.

**ORDER**

Pending before the Court is Plaintiff James Bailes' Motion to Reconsider Order Granting Defendant's Motion for Summary Judgment and Denying Plaintiff's Motion for Summary Judgment (Doc. 42). For the following reasons, the motion is **DENIED**.

**Standard of Review**

Plaintiff moves the Court, pursuant to Rules 59 and 60 of the Federal Rules of Civil Procedure, to reconsider its January 25, 2010, Memorandum Opinion and Order granting summary judgment in favor of the defendant and denying the plaintiff's motion for summary judgment. "Although the Federal Rules of Civil Procedure do not refer specifically to motions for reconsideration, the cases make clear that such a motion filed within ten days of the entry of judgment is to be considered as to alter or amend that judgment under 59(e)." *Perkins v. United States*, 848 F.Supp. 1236, 1237 (S.D. W.Va 1994) (Faber, J.) (citing cases); *Daniel v. State of W.Va.*, 964 F.Supp. 1050, 1053 n. 1 (S.D. W.Va. 1997) (Faber, J.). Since the entry of Judge Faber's decision in *Perkins*, the Federal Rules have been amended and the deadline for a Rule 59(e) motion has been extended from 10 to 28 days. *See F. R. Civ. Pro. 59(e)*. The instant motion to reconsider

was filed within 28 days of the entry of judgment. Thus, in light of the above-mentioned decisions, the Court finds it appropriate to treat the plaintiff's motion as a motion to alter or amend the judgment under 59(e), not as a motion for relief under Rule 60(b).

Rule 59(e) does not provide an explicit standard under which a district court may grant a motion to alter or ament a judgment. Nonetheless, the Fourth Circuit has stated that such a motion "is an extraordinary remedy which should be used sparingly." *Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998); *see also Above the Belt, Inc. v. Mel Bohannan Roofing, Inc.*, 99 F.R.D. 99, 101 (E.D. Va. 1983) (Warriner, J.) ("Though there is no such motion [as a motion for reconsideration] mentioned in the Federal Rules of Civil Procedure, the motion is not uncommon in federal practice. ... Such problems [as allow for a motion to reconsider] rarely arise and the motion [] should be equally rare."). Such a motion should only be granted: "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *Id*. Here, the Court analyzes the plaintiff's motion under the third criteria: whether reconsideration is necessary to correct a clear error of law or prevent manifest injustice.

**Discussion**

Plaintiff argues that the Court erred in its finding that coverage should be denied under his Personal Catastrophe Endorsement. Specifically, the plaintiff requests that the Court reconsider whether exception 9.a. to exclusion #9, the "**business** pursuits ... **business property**" exclusion, applies in the instant case. Having previously determined in the Memorandum Opinion and Order that, because it was rental property on the occasion of this loss, the Carr Street Property is "business property" as defined by the endorsement, the Court finds no merit in the argument that this activity

could be considered "normally non-business" under the endorsement.

Exclusion #9 of the endorsement provides that Erie Insurance Property and Casualty Company ("Erie") does not cover "**personal injury** or **property damage** arising out of **business** pursuits or **business property** of **anyone we protect**." *Pl.'s Personal Catastrophe Liability Endorsement* (Doc. 34-3), 3 (emphasis in original). However, exception 9.a. to this exclusion provides that "[Erie does] cover: a. activities normally considered non-business." *Id.* Plaintiff contends that the rental of the Carr Street Property fits into exception 9.a. because "[o]ver the twenty-five (25) year period during which Plaintiff has had an ownership interest in the property, it has been rented on only a few occasions. Plaintiff never received any rental income or profit from the property. In fact, Plaintiff agreed to the rental of the property to the Browns, not with a profit motive, but to assist in the prevention of vandalism." *Pl.'s Mot. to Reconsider* (Doc. 42), 4-5. The Court disagrees.

As discussed in the Court's January 25, 2010, Memorandum Opinion and Order, and as re-iterated in the plaintiff's instant motion, in West Virginia, "insurance policies are to be strictly construed against the insurer." *Burr v. Nationwide Mut. Ins. Co.*, 359 S.E.2d 626, 630-31 (W. Va. 1987); *see also* Syl. Pt. 4, *Nat'l Mut. Ins. Co. v. McMahon & Sons, Inc.*, 356 S.E.2d 488 (W. Va. 1987); *id.* at Syl. Pt. 5. Further, a court is "obliged to give an insurance contract that construction which comports with the reasonable expectations of the insured." *Burr,* 359 S.E.2d at 631.

However, it is also well-settled principle in West Virginia that insurance contracts should be interpreted according to the plain, ordinary meaning of the language used. Syl. Pt. 2, *Glen Falls Ins. Co. v. Smith*, 617 S.E.2d 760 (W. Va. 2005). Thus, the doctrine of strict construction generally

only applies if and when an insurance policy contains an ambiguous term,[1] *see id.* at Syl. Pt. 4; *Hambric*, 499 S.E.2d 619 at Syl. Pt. 6, and, "[w]ith respect to insurance contracts, the doctrine of reasonable expectations is that the *objectively* reasonable expectations of applicants and intended beneficiaries regarding the terms of insurance contracts will be honored[.]" Syl. Pt. 9, *Murray v. State Farm Fire & Cas. Co.*, 509 S.E.2d 1 (W. Va. 1998); *McMahon & Sons*, 356 S.E.2d 488 at Syl. Pt. 8 (emphasis supplied).

Exception 9.a. provides: "**We** do cover: a. activities normally considered non-business." According to West Virginia law, this exclusion should be interpreted according to the plain, objective meaning of the language used, not in light of the specific facts of the plaintiff's case. When viewed objectively, the Court finds this exception does not cover the rental, even the occasional rental, of real property.

The term "normally" means "according to rule, general custom" or "as a rule, ordinarily, usually." *Random House Dictionary* (2010). As discussed in the January 25, 2010, Memorandum Opinion and Order, the plaintiff, with his brother, entered into an oral contract to lease the Carr Street Property to the Browns for a sum of $400 per month. The Court finds that entering into such a lease, and renting real property in exchange for a set monetary sum on a month-to-month basis, is generally or "normally" considered a business activity. Accordingly, the Court finds that the Bailes' rental of the Carr Street Property to the Browns in exchange for $400 per month is a business activity insofar as exception 9.a. is concerned. Thus, notwithstanding the fact that the plaintiff did

---

[1] "Whenever the language of an insurance policy provision is reasonably susceptible of two different meanings or is of such doubtful meaning that reasonable minds might be uncertain or disagree as to its meaning, it is ambiguous." *Glen Falls,* 617 S.E.2d 760 at Syl. Pt. 3; Syl. Pt. 5, *Hambric v. Doe*, 499 S.E.2d 619 (W. Va. 1997).

not regularly rent the Carr Street Property, and despite the fact that the oral lease was set to begin on January 1, 2009, following the tragic events of the 2008 holiday season complained of in the *Melissa Scott* action, the Court finds that the Bailes brothers and the Browns had entered into a business relationship with the Browns prior to their occupation of the Carr Street Property and that, as a result, exception 9.a. cannot reasonably be construed to provide coverage to the plaintiff for the events or injuries that occurred at the Carr Street Property in December 2008.[2]

**Conclusion**

For the foregoing reasons, the plaintiff's motion is **DENIED**. The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented parties.

ENTER: February 9, 2010

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE

---

[2] In light of the limited grounds for post-judgment relief provided for by Rule 59(e), and because this Court finds exception 9.a. does not apply in the instant case, the Court need not address the plaintiff's argument that such exception would be pertinent to both business pursuits and business property.